IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL RANKINS,            )
                            )
        Plaintiff,           )
                            )
    v.                      )    1:12CV177
                            )
ALVIN WILLIAM KELLER, JR.,   )
                            )
        Defendant(s).        )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, has submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. Filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review. Plaintiff's application did not include the total amount of deposits made into his prison trust account in the last six months or its current balance.

2. Plaintiff has failed to provide a sufficient number of copies. Plaintiff must submit the original, one copy for the Court, and one copy for each defendant named.

3. Pursuant to the Prison Litigation Reform Act, Plaintiff may no longer proceed *in forma pauperis* in this Court unless he is under imminent danger of serious physical injury. The Act provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
>
> 28 U.S.C. § 1915(g). Plaintiff admits in Section 2(B) of his Complaint that he has had three cases dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted. His statement is accurate. See Rankins v. Parker, Case No. 5:07-ct-3094-D, Order dated Aug. 2, 2007 (E.D.N.C.) (dismissing case under § 1915(g) based on three prior dismissals and noting that Plaintiff was a frequent pro se litigant who had filed 19 actions). In apparent recognition of the hurdle he faces, Plaintiff alleges in his complaint that the ventilation system is inadequate and that other inmates burn items to heat water in milk cartons for soup and coffee. He states that the "smoke aggravate Plaintiff respiratory illness asthma which the smoke cause Plaintiff difficulties in breathing, severe headaches water eyes, [and] coughing up mucus which Plaintiff is in imminent danger of serious physical injuryes [sic]." (See Complaint [Doc. #2], Attach. at 2.) Although this is an allegation of physical discomfort and irritation, Plaintiff has not made more than a conclusory allegation that he faces imminent danger of any serious physical injury. Therefore, he is not entitled to proceed *in forma pauperis*.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint and is accompanied by the $350.00 filing fee. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole

purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above and is accompanied by the $350.00 filing fee.

This, the 27th day of February, 2012.

           /s/ Joi Elizabeth Peake
Joi Elizabeth Peake
United States Magistrate Judge